UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRELL EDWARD JONES,

          Plaintiff,

v.

LEWIS COUNTY CITY OF CHEHALIS,

          Defendants.

Case No. C20-5048-RBL-TLF

REPORT AND RECOMMENDATION

Noted for May 22, 2020

Plaintiff, Terrell Edward Jones, proceeds *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Dkt. 1. Plaintiff has filed a proposed civil rights complaint and an application to proceed *in forma pauperis* (IFP). *Id.* Plaintiff's proposed complaint names "Lewis County City of Chehalis" as the sole defendant(s) and alleges that, through the actions of its municipal employees (prosecutors Paul Masiello, Jeffrey Shaap, and Lewis County Sheriff's Office Detectives M. Mohr, and Jeff Humphrey), defendant(s) violated his Fourth, Fifth, Sixth and Fourteenth Amendment rights under the United States Constitution. *Id.* Plaintiff previously filed an action, which is currently pending in this Court, alleging apparently identical claims arising from the same incidents but naming only the individual municipal employees (prosecutors Paul Masiello, Jeffrey Shaap, and Lewis County Sheriff's Office Detectives M. Mohr, and Jeff Humphrey). *See Jones v. Masiello*, C19-5954-RBL-DWC.

REPORT AND RECOMMENDATION - 1

Because plaintiff's claims in the instant action arise from the identical subject matter as *Jones v. Masiello*, C19-5954-RBL-DWC, (currently pending before Magistrate Judge Christel and Judge Leighton), by order dated March 9, 2020, plaintiff was directed to show cause on or before March 30, 2020, why this action should not be dismissed, without prejudice, as duplicative. Plaintiff failed to respond to the Court's order. Accordingly, the Court should dismiss this action without prejudice as duplicative. The Court should strike plaintiff's IFP application (Dkt. 1) as moot.

## RELEVANT LEGAL STANDARDS

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

"Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e)." *Goods v. Wasco State Prison*, No. 119CV01318JLTPC, 2019 WL 4670217, at *1 (E.D. Cal. Sept. 25, 2019); *see, e.g., Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An *in forma pauperis* complaint repeating pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Goods*, 2019 WL 4670217, at *1; *Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021. "Repeating the same factual

allegations asserted in an earlier case, even if now filed against new defendants, is subject to dismissal as duplicative." *Goods*, 2019 WL 4670217, at *1; *see, e.g., Bailey*, 846 F.2d at 1021; *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975); *see also, Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks and citation omitted)).

District courts retain broad discretion to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Adams v. Calif. Dep't of Health Services,* 487 F.3d 684, 688 (9th Cir.2007) (citation omitted). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action." *Id.*; *see also M.M. v. Lafayette Sch. Dist.,* 681 F.3d 1082, 1091 (9th Cir. 2012) ("a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims"). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Id.*, at 692–94.

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment

would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

## DISCUSSION

On October 7, 2019, plaintiff submitted a civil rights complaint under C19-5954-RBL-DWC alleging his rights under the Fourth, Fifth, Sixth and Fourteenth Amendment were violated by the actions of "prosecutors" Paul Masiello, Jeffrey Shaap, and Lewis County Sheriff's Office Detectives M. Mohr, and Jeff Humphrey. *See Jones v. Masiello*, C19-5954-RBL-DWC, Dkt. 8. More specifically, plaintiff's complaint alleges defendants maliciously prosecuted him, withheld evidence/Brady material, fabricated evidence, and/or failed to properly investigate the criminal case against him related to an incident on April 11, 2017. *Id.* While the complaint in that action has been served and defendants have answered, neither the discovery nor dispositive motions deadlines have past and no dispositive motion has yet been filed. *Id.*

On January 17, 2020, plaintiff filed the instant IFP application and proposed complaint naming only "Lewis County City of Chehalis", but raising the same claims of Fourth, Fifth, Sixth and Fourteenth Amendment violations based upon the same actions of the individuals named as defendants in the earlier action. *Compare* Dkt. 1-1 and *Jones v. Masiello*, C19-5954-RBL-DWC, Dkt. 8.

Plaintiff's complaint in the instant action contains the same factual allegations, seeks similar relief, and alleges the same constitutional violations as asserted in the earlier case currently pending before Magistrate Judge Christel and Judge Leighton. While plaintiff's complaint names a new municipal defendant(s), plaintiff's claims against that defendant(s) are integrally related to his claims against the individual municipal

employee defendants named in the earlier action.

Plaintiff was informed of the above legal standards and afforded an opportunity to show cause why his complaint should not be dismissed as duplicative. Plaintiff failed to show cause or otherwise respond to the Court's order. Accordingly, the Court should DISMISS the action without prejudice as duplicative of *Jones v. Masiello*, C19-5954-RBL-DWC. The Court should further STRIKE plaintiff's IFP application (Dkt. 1) as moot. Plaintiff will not be prejudiced by dismissing this action without prejudice because he can move to amend his complaint in the action currently pending before Judge Christel and Judge Leighton to include any claims against the municipal defendant(s).

## DEADLINES FOR OBJECTIONS

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **May 22, 2020**, as noted in the caption.

Dated this 1st day of May, 2020.

Theresa L. Fricke
United States Magistrate Judge